UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: FOLGERS COFFEE MARKETING
AND SALES PRACTICES LITIGATION  MDL No. 2984

**TRANSFER ORDER**

**Before the Panel:**[*] Plaintiffs in the Central District of California *Ashton* and the Northern District of Illinois *Moser* actions move under 28 U.S.C. § 1407 to centralize this litigation in the Central District of California. The litigation consists of five putative class actions pending in four districts, as listed on Schedule A.[1] Plaintiffs in the Central District of California *Tan* and Southern District of Florida *Sorin* actions support the motion.[2] Plaintiff in the Western District of Missouri *Mawby* action opposes the motion, but alternatively supports centralization in the Western District of Missouri if the Panel centralizes this litigation.[3] Defendants The Folger Coffee Company, The J.M. Smucker Company, and Walmart, Inc. (collectively, Folgers) do not oppose centralization and suggest the Northern District of Ohio as the transferee district. The Panel has been notified of four potentially related actions pending in four districts.[4] Plaintiffs in two of those actions—the Eastern District of Washington *Marthaller* and Eastern District of Texas *Thomson* actions—support centralization in the Central District of California.

---

[*] Judge Catherine D. Perry took no part in the decision of this matter. Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in the classes and have participated in this decision.

[1] One of the two actions in the Central District of California has been administratively closed and consolidated for all purposes with the other action pending in that district.

[2] These plaintiffs initially suggested in the alternative the Southern District of Florida as the transferee district. Plaintiffs later withdrew this alternative suggestion.

[3] At oral argument, counsel for plaintiff in *Mawby* stated that she does not oppose centralization in the Western District of Missouri.

[4] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

On the basis of the papers filed and the hearing session held,[5] we find that the actions listed on Schedule A involve common questions of fact and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of allegations that Folgers engaged in deceptive advertising and marketing practices with respect to the labeling of its coffee products. Plaintiffs in each action allege that Folgers' labeling misrepresents the number of servings that can be made from its coffee canisters. All plaintiffs assert similar claims for misrepresentation, breach of warranty, unjust enrichment, and/or violation of state consumer protection laws, and plaintiffs seek to represent overlapping nationwide and statewide classes of purchasers of Folgers coffee products. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings on class certification and other issues, and conserve the resources of the parties, their counsel, and the judiciary.

In opposing transfer, plaintiff in *Mawby* relies primarily on two arguments. First, she contends that there is no overlap between her claims under Missouri law on behalf of a putative class of Missouri consumers and those of the other plaintiffs. This argument is not persuasive. Plaintiffs in all actions likely will seek to obtain the same documents from defendants and depose the same Folgers witnesses. Expert testimony relating to the effect on consumers of Folgers' marketing and labeling may be necessary in all actions. While most of the cases involve putative statewide classes in different states, two actions on the motion (and two potential tag-along actions) seek certification of a nationwide class, which would subsume the statewide classes. Plaintiff also argues that, because of the limited number of cases involved, there are few efficiencies to be gained by centralizing the cases and that coordinated pretrial proceedings could as readily be accomplished through informal cooperation among counsel. This litigation, though, involves nine cases (including four potential tag-along actions) pending in seven districts before seven judges. Plaintiffs are represented by different counsel, none of which represents plaintiffs in more than two of the nine actions. Informal coordination and cooperation among the parties and the involved courts are not preferable alternatives to centralization in this instance.

We conclude that the Western District of Missouri is an appropriate transferee forum. This geographically central district will provide a readily accessible and convenient transferee forum for this nationwide litigation. The Honorable Beth Phillips is an experienced jurist with the ability and willingness to manage this litigation efficiently. We are confident that she will steer this litigation on a prudent course.

---

[5] In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of March 25, 2021. *See* Suppl. Notice of Hearing Session, MDL No. 2984 (J.P.M.L. March 8, 2021), ECF No. 40.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Western District of Missouri are transferred to the Western District of Missouri and, with the consent of that court, assigned to the Honorable Beth Phillips for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | |

**IN RE: FOLGERS COFFEE MARKETING
AND SALES PRACTICES LITIGATION**                                           MDL No. 2984

## SCHEDULE A

<u>Central District of California</u>

TAN v. THE FOLGER COFFEE COMPANY, ET AL., C.A. No. 2:20-09370
ASHTON, ET AL. v. THE J.M. SMUCKER CO., ET AL., C.A. No. 5:20-00992

<u>Southern District of Florida</u>

SORIN v. THE FOLGER COFFEE COMPANY, C.A. No. 9:20-80897

<u>Northern District of Illinois</u>

MOSER v. THE J. M. SMUCKER COMPANY, ET AL., C.A. No. 1:20-07074

<u>Western District of Missouri</u>

MAWBY v. THE FOLGER COFFEE COMPANY, C.A. No. 4:20-00822