# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

IN RE: FOLGERS COFFEE MARKETING )      Case No. 21-2984-MD-C-BP
             LITIGATION         )

## SUGGESTIONS IN SUPPORT OF MOTION TO APPOINT TODD D. CARPENTER AND LUBNA FARUQI AS INTERIM CO-LEAD CLASS COUNSEL AND TO ESTABLISH AN EXECUTIVE COMMITTEE AND LIAISON COUNSEL

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND ........................................................ 2

I.    The First-Filed Actions Were Brought By The CLF Team ..................................... 2

II.   The Remaining Actions Were Subsequently Filed And Have Not Progressed Beyond A Motion to Dismiss .............................................................................................. 3

ARGUMENT ..................................................................................................................... 5

I.    Legal Standard ...................................................................................................... 5

     A.    The CLF Team Was First to File and Did Extensive Pre-Suit Investigation......... 5

     B.    The CLF Team's Litigation, Class Action, and MDL Leadership Experience is Unparalleled ................................................................................................... 7

          1.    Co-Lead Class Counsel ................................................................... 7

               a.    Carlson Lynch and Todd D. Carpenter ........................................ 7

               b.    The Faruqi Firm and Lubna M. Faruqi ........................................ 9

          2.    Liaison Counsel--Tim Dollar (Dollar, Burns, Becker & Hershewe, L.C.) ......................................................................... 10

          3.    Executive Committee—Bonner C. Walsh of Walsh PLLC..................... 12

     C.    The CLF Team Has Extensive Knowledge of the Applicable Law..................... 13

     D.    The CLF Team Has Sufficient Resources to Manage this Litigation.................. 13

II.   Other Matters Pertinent To Counsel's Ability To Fairly And Adequately Represent The Class The Court May Consider Under Rule 23(g)(1)(B) ........................................ 14

     A.    The CLF Team has a Proven Track Record of Working Cooperatively with Co-counsel, Opposing Counsel, and this Court .................................................... 15

     B.    The CLF Team Consists of Highly Effective Leaders......................................... 16

     C.    The CLF Team Advances Diversity in MDL Leadership ................................... 17

     D.    The CLF Team Was First To File............................................................. 17

CONCLUSION............................................................................................................... 18

# TABLE OF AUTHORITIES

**Cases**                                                                                   **Page(s)**

*Ashton v. J.M. Smucker Co.*,
    No. EDCV 20-992 JGB (SHKx), 2020 WL 8575140 (C.D. Cal. Dec. 16, 2020) ....................3

*Biondi v. Scrushy*,
    820 A.2d 1148 (Del. Ch. 2003)................................................................................................18

*In Re Bisphenol-A (Bpa) Polycarbonate Plastic Prods. Liab. Litig.*,
    MDL No. 1967, 2011 WL 13152798 (W.D. Mo. Jan. 7, 2011) ................................................6

*Broomfield v. Craft Brew All., Inc.*,
    No. 17-cv-01027-BLF, 2020 WL 1972505 (N.D. Cal. Feb. 5, 2020) ......................................9

*Carlin v. DairyAmerica, Inc.*,
    No. 1:09cv0430 AWI DLB, 2009 WL 1518058 (E.D. Cal. May 29, 2009)...........................18

*Crocker v. KV Pharm. Co.*,
    No. 4:09-CV-198 (CEJ), 2009 WL 1297684 (E.D. Mo. May 7, 2009)...................................5

*In re Crude Oil Commodity Futures Litig.*,
    No. 11 Civ. 3600 (WHP), 2012 WL 569195 (S.D.N.Y. Feb. 14, 2012).................................15

*Deangelis v. Corzine*,
    286 F.R.D. 220 (S.D.N.Y. 2012) ...........................................................................................15

*In re Equifax, Inc., Customer Data Security Breach Litigation*,
    No. 1:17-cv-05010, ECF No. 22 (N.D. Ga. Dec. 8, 2017) .....................................................14

*Foster v. L-3 Communications EOTech, Inc.*,
    No. 6:15-cv-03519-BCW, ECF No. 155 (W.D. Mo. July 7, 2017).........................................12

*Hartley v. Sig Sauer, Inc.*,
    No. 4:18-cv-00267-SRB, ECF No. 69 (W.D. Mo. June 25, 2020).........................................12

*In re Insulin Pricing Litig.*,
    No. 3:17–cv–0699–BRM–LHG, 2017 WL 4122437 (D.N.J. Sept. 18, 2017) .......................18

*Michelle v. Arctic Zero, Inc.*,
    No. 12cv2063-GPC(NLS), 2013 WL 791145 (S.D. Cal. Mar. 1, 2013) ................................17

*Moradi v. Adelson*,
    No. 11–cv–00490–GMN–RJJ, 2011 WL 5025155 (D. Nev. Oct. 20, 2011)..........................18

*In re Rail Freight Fuel Surcharge Antitrust Litig.*,
    No. MDL 1869, 2008 WL 1883447 (D.D.C. Apr. 28, 2008) .................................................15

*Richey v. Ells*,
   No. 12-cv-1831-WJM-MEH, 2013 WL 179234 (D. Colo. Jan. 17, 2013) ............................17

*Steele v. United States*,
   No. 14-1523, 2015 WL 4121607 (D.D.C. June 30, 2015) ...................................................14, 18

**Other Authorities**

Anne Cullen, More Judges Are Demanding Diversity Among Class Counsel,
   Law360 (July 16, 2020) ...........................................................................................................10

Fed. R. Civ. P. 23(g) ...............................................................................................................5, 13, 14

*Guidelines and Best Practices for Large and Mass-Tort MDLs*,
   Bolch Judicial Institute, Duke Law School, *MDL Best Practices* (2d ed. Sept. 2018).... *passim*

Manual for Complex Litigation (Fourth) § 10.21 (2004) ............................................................14

Moore's Federal Practice § 23.120(3)(a) (3d ed. 2007)..............................................................6

National Ass'n of Women Judges, *Resolution on Diversity in Trial Court
   Appointments* (Oct. 8, 2016) ....................................................................................................17

# INTRODUCTION

Plaintiffs Shelly Ashton, Jay Schoener, Ramon Ibarra, Ellen Moser, Geoff Thomson, and Julie Marthaller ("Ashton Plaintiffs") move this Court, pursuant to Federal Rule of Civil Procedure 23(g)(3), to appoint the following interim class counsel leadership structure (herein referred to as the ("Carlson Lynch Faruqi Team" or "CLF Team"):

> ***Co-Lead Class Counsel***: Lubna M. Faruqi of Faruqi & Faruqi, LLP (the "Faruqi Firm") and Todd D. Carpenter of Carlson Lynch, LLP ("Carlson Lynch");
>
> ***Liaison Counsel***: Tim E. Dollar of Dollar, Burns, Becker & Hershewe, L.C. ("Dollar"); and
>
> ***Executive Committee***: Bonner C. Walsh of Walsh PLLC ("Walsh").

This complex litigation will require an experienced, knowledgeable, and well-funded leadership group to steer it to a successful conclusion. As outlined in further detail below, the CLF Team has the necessary skill, experience, and resources to ensure that the interests of the proposed classes are fully protected and that this case progresses efficiently to trial. The CLF Team's attorneys have proven track records of successfully representing class members in hundreds of class actions and MDL proceedings.

The CLF Team brought the first-filed cases against defendant and has made significant investments into this litigation, including extensive pre-litigation investigation. Moreover, the CLF Team has already proven its value to this case: the group includes counsel from the *Ashton* action – the Faruqi Firm and Carlson Lynch – the only group of lawyers to have defeated a motion to dismiss in this matter, a significant victory for class members. From the outset, the CLF Team has worked cooperatively to ensure that class members' best interests are represented.

The CLF Team is comprised of a group of geographically and demographically diverse lawyers with outstanding experience both at the national and local level, all of which will benefit

the proposed classes and allow this matter to proceed efficiently and effectively. Moreover, the CLF Team is the consensus pick of the Plaintiffs: it includes attorneys that represent 7 of the 11 plaintiffs in this MDL,[1] who reside across 6 states and filed 5 of the 9 consolidated cases.

The CLF Team, with Tim Dollar as liaison, presents an efficient and robust leadership team with experience in high profile national litigation that maximizes the chance for a successful class-wide resolution of this case. Accordingly, the CLF Team satisfies the criteria for leadership set forth in Fed. R. Civ. P. 23(g)(1)(A) and should be appointed pursuant to Rule 23(g)(3).

## FACTUAL AND PROCEDURAL BACKGROUND

**I.**      **The First-Filed Actions Were Brought By The CLF Team**

On May 5, 2020, Plaintiff Ibarra filed *Ibarra v. Folger Coffee Company*, No. 20-cv-0850-L-BLM (S.D. Cal.), alleging that defendant engaged in deceptive labeling practices for its Folgers ground coffee products. The *Ibarra* action was filed by Carlson Lynch and was the ***first-filed*** action. Three days later, on May 8, 2020, the Faruqi Firm, on behalf of Plaintiffs Ashton and Schoener, filed *Ashton, et al. v. J.M. Smucker Co*., No. 5:20-cv-00992-JGB-SHK (C.D. Cal.), also alleging that defendant engaged in deceptive conduct in its labeling of Folgers ground coffee products.

On June 26, 2020, for purposes of judicial efficiency, the *Ibarra* action was voluntarily dismissed without prejudice and Plaintiff Ibarra and his claims were added to the *Ashton* action via an amended complaint. *See* No. 5:20-cv-00992-JGB-SHK, ECF No. 17 (C.D. Cal. June 29, 2020). The Carlson Lynch and Faruqi Firm collaboration has proven to be successful—on December 16, 2020, Plaintiffs Ashton, Schoener, and Ibarra successfully defeated defendant's

---

[1] Plaintiff Rodger Smith and his counsel also support the CLF Team's proposed leadership structure. *See* Joint Rule 26(f) Report, ECF No. 61.

motion to dismiss, with the following claims surviving: (1) California's Consumers Legal Remedies Act ("CLRA"); (2) California's False Advertising Law ("FAL"); (3) California's Unfair Competition Law ("UCL"); (4) New York's General Business Law § 349, (5) New York's General Business Law § 350; (6) breach of express and implied warranty; (7) intentional and negligent misrepresentation; and (8) quasi contract/unjust enrichment/restitution. *Ashton v. J.M. Smucker Co.*, No. EDCV 20-992 JGB (SHKx), 2020 WL 8575140, at *16 (C.D. Cal. Dec. 16, 2020).

Since defeating the motion to dismiss, Carlson Lynch and the Faruqi Firm have taken lead on at least the following tasks in the *Ashton* action: (1) drafting and serving Rule 26(a) Initial Disclosures; (2) organizing and conducting the Rule 26(f) meet and confer with Defendant; (3) drafting the Joint Rule 26(f) Report; (4) drafting initial discovery requests; (5) engaging a consulting non-testifying expert; and (6) filing a Motion with the J.P.M.L. to Centralize and Transfer all the actions. (Master) Declaration of Todd Carpenter ("Carpenter Decl.") ¶ 8; *see also In re: Folgers Coffee Mktg. and Sales Practices Litig.*, No. 2984 (J.P.M.L.), ECF No. 1.

## II.  The Remaining Actions Were Subsequently Filed And Have Not Progressed Beyond A Motion to Dismiss

After the *Ibarra* and *Ashton* actions were filed, eight other cases were filed over the next year. For the Court's convenience, the chart below outlines each of the case in order of filing, as well as counsel for each of the cases.

| Order Filed | Case | Counsel |
|:---:|:---|:---:|
| 1 | *Ibarra v. Folger Coffee Co.*, No. 20-cv-0850-L-BLM (S.D. Cal.) (filed May 5, 2020) | Carlson Lynch, LLP* |
| 2 | *Ashton, et al. v. J.M. Smucker Co.*, No. 5:20-cv-00992-JGB-SHK (C.D. Cal.) (filed May 8, 2020) | Faruqi & Faruqi, LLP and The Wand Law Firm, P.C.* |
| 3 | *Sorin v. Folger Coffee Co.*, No. 9:20-cv-80897-WPD (S.D. Fla.) (filed June 4, 2020) | Komlossy Law P.A., The Paskowitz Law Firm P.C., Roy Jacobs & Associates, Law |

| | | Offices of Beth A. Keller, P.C., and Bonnett, Fairbourn, Friedman & Balint, PC |
|---|---|---|
| 4 | *Mawby v. Folger Coffee Co.*, No. 4:20-cv-00822-BP (W.D. Mo.) (filed August 27, 2020, removed October 13, 2020) | Shank & Heinemann, LLC |
| 5 | *Tan v. Folger Coffee Co.*, No. 2:20-cv-09370-JGB-SHK (C.D. Cal.) (filed October 13, 2020) | Law Offices of David N Lake APC, Komlossy Law P.A., The Paskowitz Law Firm P.C., Law Offices of Beth A. Keller, P.C., and Bonnett, Fairbourn, Friedman & Balint, PC |
| 6 | *Fahey v. Folgers Coffee Co.*, No. 1:20-cv-03620-TSC (D.D.C.) (filed November 10, 2020, removed December 11, 2020) | Thomas C. Willcox |
| 7 | *Moser v. J. M. Smucker Co., et al.*, No. 1:20-cv-07074 (N.D. Ill.) (filed November 30, 2020) | Carlson Lynch, LLP* |
| 8 | *Smith v. Walmart, Inc.*, No. 0:21-cv-60265-RS (S.D. Fla.) (filed December 29, 2020, removed February 2, 2021) | Oster Law Firm and Southern Atlantic Law Group, PLLC |
| 9 | *Thomson v. J.M. Smucker Co., et al.*, No. 1:21-cv-00009-MJT (E.D. Tex.) (filed January 8, 2021) | Walsh PLLC* |
| 10 | *Marthaller v. J.M. Smucker Co., et al.*, No. 2:21-cv-00021-SMJ (E.D. Wash.) (filed January 8, 2021) | Walsh PLLC* |

**\* An asterisk indicates cases in which Tim E. Dollar is appearing as local counsel.**

Of note, Defendant's motion to dismiss was granted in the *Sorin* action, dismissing all of Plaintiff Sorin's claims (without prejudice). *See* No. 9:20-cv-80897-WPD, ECF No. 35 (S.D. Fla. Dec. 31, 2020). Also notable is the *Tan* action. Because the *Tan* case was filed in the Central District of California, where the *Ashton* action was then pending, counsel for Plaintiff Tan filed a motion to consolidate the *Tan* and *Ashton* actions. *See* 5:20-cv-00992-JGB-SHK, ECF No. 45 (C.D. Cal. Nov. 13, 2020). The court granted that motion on January 8, 2021, ***after*** the *Ashton* court denied Defendant's motion to dismiss. *See id.* at ECF No. 60. Moreover, because of the pending JPML proceedings, no consolidated complaint was filed in the *Ashton* action to add

Plaintiff Tan. As such, Plaintiff Tan is not subject to the court's order denying Defendant's motion to dismiss in the *Ashton* action.

Finally, the CLF Team notes that while the Mawby Group proposed Tim E. Dollar and Todd D. Carpenter as part of their leadership structure in the Joint 26(f) Status Report (ECF No. 41 at 2) and may do the same in their motion, Mr. Dollar and Mr. Carpenter were not consulted and have not agreed to that structure.

## ARGUMENT

### I.   Legal Standard

Prior to determining whether a class should be certified, courts may appoint interim class counsel pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure. In considering the leadership appointment, courts consider: (i) the work counsel has done in investigating and identifying the claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class.  Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv); *see Crocker v. KV Pharm. Co.*, No. 4:09-CV-198 (CEJ), 2009 WL 1297684, at *1 (E.D. Mo. May 7, 2009) (applying Rule 23(g)(1)(A) factors to selection of interim class counsel). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class[.]" Fed. R. Civ. P. 23(g)(1)(B). When more than one attorney seeks appointment, the court must appoint the applicant(s) "best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2).

### A.   The CLF Team Was First to File and Did Extensive Pre-Suit Investigation

Fed. R. Civ. P. 23(g)(1)(A)(i) requires that a court consider the work undertaken by the proposed interim class counsel in the case. Counsel who has undertaken extensive investigatory and analytical tasks prior to drafting the complaint is better able to represent the class than one

5

who did not. *See* Moore's Federal Practice § 23.120(3)(a) (3d ed. 2007); *see*, *e.g.*, *In Re Bisphenol-A (Bpa) Polycarbonate Plastic Prods. Liab. Litig.*, MDL No. 1967, 2011 WL 13152798, at *5 (W.D. Mo. Jan. 7, 2011) (considering the "abundant work" proposed co-lead counsel did in investigating and pursuing the potential claims).

To date, the CLF Team has devoted significant time and resources to the investigation and pursuit of the claims in this litigation. On May 5, 2020, Carlson Lynch filed *Ibarra*, the first action against Defendant or any coffee manufacturer. When *Ibarra* was filed, it prompted articles published by news outlets, which resulted in a flurry of similar cases against Folgers and other coffee manufacturers. Three days after *Ibarra* was filed, the Faruqi Firm, which had independently investigated Defendant's conduct since 2019, filed the *Ashton* complaint. As discussed above, Carlson Lynch and the Faruqi Firm partnered, and through their collective advocacy, successfully opposed Defendant's motion to dismiss (the only Plaintiffs' counsel team to do so), took lead on pushing forward to discovery, and eventually initiated the MDL petition which resulted in the efficient centralization of this action. The CLF Teams' litigation efforts were led jointly by Todd D. Carpenter of Carlson Lynch and Lubna M. Faruqi of the Faruqi Firm, who oversaw their respective firms' efforts and coordinated overall litigation strategy. To date, Mr. Carpenter, Ms. Faruqi, and their respective firms have committed significant hours of work to this matter and will continue to do so.

The *Ibarra* and *Ashton* actions were the culmination of significant investigation that began in 2019. Collectively, the CLF Teams' pre-suit investigation included at least the following: (1) significant product testing to confirm their clients' allegations; (2) factual research on defendants and the allegations; (3) legal research on potential claims and liability; (4) extensive discussions with clients; and (5) engaging a consultant. These endeavors, which required significant time and

resources, allowed the CLF Team to confirm the veracity of their clients' claims, and verify that the challenged conduct is deceptive. The CLF Team is prepared to continue devoting substantial resources required for expert work regarding consumer expectations and damages in connection with class certification. These efforts demonstrate that the CLF Team has and will continue to represent the proposed Class fairly and adequately.

**B.    The CLF Team's Litigation, Class Action, and MDL Leadership Experience is Unparalleled**

The CLF Team represents nearly 80 years of collective litigation experience, including in the field of consumer class action litigation. Each member of the team brings with them diverse knowledge and experience, resulting in a formidable leadership structure. While the CLF Team has the full support of their respective firms, the individual members set forth above are willing to be held individually accountable for managing this litigation and vigorously representing the interests of the proposed Classes.[2] As discussed below, the qualifications and experience of each member of the CLF Team satisfy the second and third Rule 23(g)(1)(A) factors and demonstrate that this group is eminently qualified to serve as interim class counsel.

**1.    Co-Lead Class Counsel**

*a.    Carlson Lynch and Todd D. Carpenter*

Carlson Lynch is a nationally recognized nineteen-attorney class action law firm with offices in Pittsburgh, San Diego, Chicago, Los Angeles, and Philadelphia, specializing in an array

---

[2] The *Guidelines and Best Practices for Large and Mass-Tort MDLs* handbook ("*MDL Best Practices*"), published by Duke Law Center for Judicial Studies explains: "Although some courts appoint firms to serve in leadership positions, it is usually preferable to appoint individual lawyers who can be held accountable and ensure that the case receives consistent attention of a senior partner, rather than risking an excessive degree of delegation to less experienced attorneys." Bolch Judicial Institute, Duke Law School, *MDL Best Practices* 32 (2d ed. Sept. 2018), https://judicialstudies.duke.edu/wp-content/uploads/2018/09/MDL-2nd-Edition-2018-For-Posting.pdf (last accessed May 20, 2021).

of complex class actions, including consumer fraud, data breach, privacy, financial fraud, labor and employment, antitrust, and wage and hour litigation. Since 2004, Carlson Lynch has generated seminal legal authority in trial and appellate courts, litigated every type of class action across the country, and recovered substantial monetary awards and injunctive relief on behalf of class members. *See*, *e.g.*, *In re: Ashley Madison Customer Data Sec. Breach Litig.*, No. 4:15-md-02669 (E.D. Mo.) ($11.2 million settlement in consumer data breach; Executive Committee); *In re Rust-Oleum Restore Mktg., Sales Practices and Prods. Liab. Litig.*, No. 1:15-cv-01364 (N.D. Ill.) ($9.3 million settlement in products liability MDL; Co-Lead Counsel). Indeed, Carlson Lynch has been at the forefront of leading recent consumer protection actions. *See*, *e.g.*, *In Re: TikTok, Inc., Consumer Privacy Litig.*, No. 1:20-cv-04699 (Consumer privacy litigation resulting in preliminarily approved $92 million settlement; Co-Lead Counsel). Additional information regarding the firm's numerous MDL leadership appointments in consumer class actions and praise from the bench are set forth at ¶¶ 12-15 of the Carpenter Declaration.

**Todd D. Carpenter** is a shareholder and managing partner of Carlson Lynch's San Diego branch. Mr. Carpenter's extensive experience in class actions, his current and prior leadership roles in class actions, and his proven ability to work collaboratively with co-counsel and opposing counsel, make him uniquely qualified to co-lead this case. Over his career, he has taken and defended over one hundred depositions. He has successfully participated in mediations resulting in more than $100,000,000 in settlements or awards in class action cases. He has drafted, filed, and argued multiple motions in complex consumer class actions, including all forms of discovery, dispositive and certification motions. His practice focuses exclusively on consumer class actions and complex litigation, representing plaintiff classes in false and deceptive advertising, unfair business practices, major insurance fraud, product liability and anti-trust violations. Throughout

his career, Mr. Carpenter has served as counsel of record in MDL proceedings in which his firm was designated co-lead class counsel. Additional information regarding Mr. Carpenter's accomplishments and qualifications are set forth in the Carpenter Declaration at ¶¶ 16-21. Significantly, even the Mawby Group conceded that Mr. Carpenter is fit to lead this MDL, as they (unilaterally and without discussion) submitted him for alternate Co-Lead Class Counsel in their portion of the Joint 26(f) Report. *See* ECF No. 41 at 2.

### b.    *The Faruqi Firm and Lubna M. Faruqi*

The Faruqi Firm is a woman- and minority-owned national law firm that focuses on complex litigation in the areas of consumer class actions (particularly deceptive food and beverage labeling), wage and hour, securities, merger and transactional, shareholder derivative, and antitrust litigation. The firm has advocated for consumers' rights for over 25 years, successfully challenging deceptive business practices from some of the nation's largest corporations. With over 30 lawyers across five offices nationwide, the Faruqi Firm has recovered billions of dollars and other significant remedial benefits for its clients and class members. *See*, *e.g.*, *Broomfield v. Craft Brew All., Inc.*, No. 17-cv-01027-BLF, 2020 WL 1972505, at *17 (N.D. Cal. Feb. 5, 2020) (as co-lead counsel, the Faruqi Firm negotiated nationwide class settlement worth over $13,000,000 for consumers); *In re: Scotts EZ Seed Litig.*, No. 7:12-cv-04727 (S.D.N.Y. June 15, 2012), ECF No. 360 (as Co-Lead Counsel, the Faruqi Firm negotiated class settlement with monetary relief worth approximately $48,000,000). Thus, the Faruqi Firm has the resources and personnel necessary to serve as Co-Lead Class Counsel in this case. Its extensive qualifications are further supported by the Declaration of Lubna M. Faruqi and the Faruqi Firm Resume, attached as Exhibit A to the Carpenter Declaration.

**Lubna M. Faruqi** is the managing partner of the Faruqi Firm and has overseen and managed all stages of this litigation thus far. Moreover, Ms. Faruqi has played an integral role in

directing each of the Faruqi Firm's consumer class action cases since the inception of the firm's consumer protection practice. She has used her extensive experience in class action litigation to obtain the significant benefits provided to millions of consumers thus far by the firm. Appointing Ms. Faruqi as Co-Lead Class Counsel will direct her decades of experience to ensure that putative class members' interests are best served.

Further, Ms. Faruqi is a first-generation immigrant, and her unique background brings a diverse perspective that will undoubtedly benefit the wide array of consumers in this action. Class members in consumer class actions have diverse backgrounds, and that diversity should be reflected in class counsel. Ms. Faruqi and the firm's appointment will reflect the diversity of gender and ethnicity found to be beneficial in complex litigation. As explained in the Duke Study:

> Litigants and the civil justice system benefit from diversity of leadership. Indeed, the same way that diversity improves companies' bottom lines, litigants and the civil justice system benefit from diversity of leadership. Yet historically, women and minority lawyers have not been appointed to leadership positions at rates proportionate to their representation in the plaintiffs' bar generally. It cannot be said that there are not enough talented individuals with the education, background and experience to effectively lead MDL litigation to permit greater diversity.[3]

Ms. Faruqi and the Faruqi Firm reflect a commitment to diversity that judges increasingly seek from the bar.[4]  Currently, approximately 40% of the Faruqi Firm's partnership positions are held by women and minorities, and the firm is committed to growing this figure in the coming years.

### 2. Liaison Counsel– Tim Dollar (Dollar, Burns, Becker & Hershewe, L.C.)

Tim E. Dollar, a founding partner of Dollar, Burns, Becker & Hershewe, L.C., has been practicing law for 37 years and has recovered hundreds of millions of dollars in trial awards and

---

[3] *MDL Best Practices* 45 (footnotes omitted).

[4] *See* Anne Cullen, More Judges Are Demanding Diversity Among Class Counsel, Law360 (July 16, 2020), https://www.law360.com/articles/1292926/more-judges-are-demanding-diversity-among-class-counsel.

settlements for clients against companies of all sizes. Mr. Dollar is an experienced litigator, having served as lead trial counsel in at least 280 jury trials, and as counsel in several class actions on behalf of consumers, including cases brought under the Missouri Merchandising Practices Act. Of particular note, Mr. Dollar served as Chair of the leadership committee in *Foster v. L-3 Communications EOTech, Inc., et al*, No. 6:15-cv-03519 (W.D. Mo.), a consumer class action litigated in this District. Mr. Dollar's advocacy in the *Foster* action led to a class-wide settlement in which class members claimed in $51,000,000 in cash benefits. *See id.* at ECF No. 134.

Throughout his distinguished career, Mr. Dollar repeatedly evidences his commitment to justice and to the practice of law. Recent examples of Mr. Dollar's trial and litigation expertise include a $38.8 million verdict in Texas for personal injuries and wrongful death in a multi-vehicle, tractor-trailer crash, and a $37.5 million-dollar verdict in Jackson County, Missouri for personal injuries to his client. Mr. Dollar has also litigated and managed complex and high-profile cases, including prosecuting the Precious Doe cold case seven years after the murder of Erica Green. *State of Mo. v. Johnson*, No. 0516-CR02893. Mr. Dollar's trial experience has earned him the role of serving as special assistant prosecutor for Jackson County for over 35 years under six separately elected prosecutors. Mr. Dollar's unparalleled experience has earned him the Missouri Lawyers ICON award, an award given to distinguished attorneys in recognition of their exemplary careers and longstanding commitment to the Missouri legal community.

Mr. Dollar has also demonstrated an ethical and professional approach to his practice. Mr. Dollar served on the Missouri lawyer's ethics committee for 6 years and has been the recipient of the Missouri Association of Trial Attorneys – Thomas G. Strong Trial Attorney Award, a distinct honor given to the Missouri Attorney who best exemplifies the qualities of professionalism, ethics, character, and courtroom success. Mr. Dollar has also received the Lon O. Hocker Award, given

only to those who demonstrate the utmost zealousness, honor, confidence, respect, courtesy, and trial skills. Mr. Dollar is also a well-known and respected lecturer and published author, and he is often invited to speak about trial tactics. Mr. Dollar's experience in successfully advocating for his clients establishes that he and his firm are well-suited to serve as Liaison Counsel here.

### 3. Executive Committee—Bonner C. Walsh of Walsh PLLC

Mr. Walsh is the sole member of the CLF Teams' proposed Executive Committee and is prepared to support Co-Lead Class Counsel in prosecuting this case. As set forth in the *MDL Best Practices*, Mr. Walsh can perform many essential functions, "from consulting with lead counsel on overall case strategy to developing and implementing a litigation plan, managing discovery, preparing briefs, and presenting argument to the court."[5] Mr. Walsh will contribute valuable skillsets and relevant experience to the CLF Team, which will help guide the prosecution of this litigation on behalf of the putative classes.

Mr. Walsh's experience with handling consumer class actions supports his appointment to the proposed Executive Committee. Mr. Walsh has been certified as class counsel in previous nationwide and state class actions and has used his expertise to garner substantial victories for plaintiffs and class members resulting in benefits exceeding $1,800,000,000 to class members. *See* Carpenter Decl., Ex. B, Declaration of Bonner C. Walsh ¶¶ 5-7. Notably, Mr. Walsh has served as class counsel with Mr. Dollar in two successful class actions in this district, one of which was also co-counseled with the Faruqi Firm.[6] Additionally, Mr. Walsh has previously served on a class action Executive Committee in *In Re: Shop-Vac Marketing and Sales Practices Litigation*, MDL

---

[5] *MDL Best Practices* 33.

[6] *Foster v. L-3 Communications EOTech, Inc.*, No. 6:15-cv-03519-BCW, ECF No. 155 (W.D. Mo. July 7, 2017) (order granting final approval of class action settlement); *Hartley v. Sig Sauer, Inc.*, No. 4:18-cv-00267-SRB, ECF No. 69 (W.D. Mo. June 25, 2020) (same).

2380 (M.D. Penn) and *In Re: Kia Engine Litigation*, No. 8:17-cv-0838-JLS-JDE (C.D. Cal.), where he was the sole member of the executive committee.

### C.     The CLF Team Has Extensive Knowledge of the Applicable Law

The significant experience of each of the CLF Team members in prosecuting consumer class actions and, specifically, false advertising actions, is set forth extensively above and in the enclosed declarations and resumes. *See* Carpenter Decl., Exs. A-C. The strategies and insights the team members have already developed, both individually and collectively, in these consolidated actions and as well as in other cases throughout their careers have informed, and will continue to inform, their strategy in prosecuting this case. Indeed, Attorneys Carpenter and Faruqi have decades of individual experience in the various issues that could arise during the course of this litigation— including creating discovery plans, litigating and winning discovery disputes, successfully certifying classes, defending against summary judgment motions, negotiating effective class-wide settlements, and, when necessary, leading successful jury trials. Combining their talents with the skills of Executive Committee member Mr. Walsh, and Liaison Counsel Mr. Dollar's undeniable prowess for trial advocacy, the CLF Team provides a leadership structure that the Plaintiffs and Class Members can count on for fair and adequate representation.[7]

### D.     The CLF Team Has Sufficient Resources to Manage this Litigation

Rule 23(g) requires the Court to consider "the resources that counsel will commit to representing the class[.]" Fed. R. Civ. P. 23(g)(1)(A)(iv). As repeatedly demonstrated by the CLF Team members' success in this actions and innumerable others, the CLF Team has more than sufficient resources to advance this litigation. After appointment, Co-Lead Class Counsel intend

---

[7] What also sets the CLF Team apart is that they are the only group to survive a motion to dismiss. This was accomplished by the team's extensive knowledge of applicable laws.

to establish a litigation fund to pay the joint expenses needed to finance the case to which they and the other team members will contribute. Additional funds will be contributed as necessary.

In addition to financial resources, the CLF Team has the personnel, expertise and infrastructure necessary to successfully pursue a case of this magnitude. Together, proposed Co-Lead Class Counsel, Carlson Lynch and the Faruqi Firm, have approximately 50 attorneys across five offices each and dedicated consumer departments with strong support staffs prepared to commit all the resources and time necessary to achieve the best possible result. Moreover, Mr. Dollar and Mr. Walsh both stand willing and able to commit all time and resources necessary to lead this case. This litigation will not suffer for lack of resources under the CLF Team.[8]

## II. Other Matters Pertinent To Counsel's Ability To Fairly And Adequately Represent The Class The Court May Consider Under Rule 23(g)(1)(B)

Rule 23(g)(1)(B) states that courts "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class[.]" For example, in *In re Equifax, Inc., Customer Data Security Breach Litigation*, Chief Judge Thrash requested submissions addressing the leadership applicants' ability to work cooperatively with others. *See* No. 1:17-cv-05010, ECF No. 22 (N.D. Ga. Dec. 8, 2017). Additionally, the *MDL Best Practices* also explains the importance of effective leadership skills.[9] The Court should also consider that the CLF Team effectively advances diversity of gender and ethnicity. Lastly, to the extent the question over leadership is a close call (though it is not here), the Court should use the first-filed rule as "an objective tie-breaker" and appoint the CLF Team. *See Steele v. United States*, No. 14-1523, 2015 WL 4121607, at *4 n.2 (D.D.C. June 30, 2015) ("[S]ince both groups are more than qualified to

---

[8] The Mawby Group does not come close to the resources the CLF Team has dedicated and will continue to dedicate to this case. For instance, Shank & Heinemann only has 2 attorneys and Bonnett, Fairbourn, Friedman & Balint has 18 attorneys.

[9] *See MDL Best Practices* 42-43; *see also* Manual for Complex Litigation (Fourth) § 10.21 (2004).

handle this action, it would be imminently reasonable to select the Motley Rice Group on the basis that their complaint was filed first."). Each of these factors is discussed below.

A. **The CLF Team has a Proven Track Record of Working Cooperatively with Co-counsel, Opposing Counsel, and this Court**

The CLF Team have a proven track record of working cooperatively with co-counsel, opposing counsel and this Court. Each individual firm has worked with either some, or all, of the other firms in the team. For example, the Faruqi Firm has worked with Carlson Lynch, Mr. Walsh, and/or Mr. Dollar at least 15 times on class actions, and therefore can work cohesively and effectively with other law firms in complex litigation matters. Indeed, the CLF Team's track record of successfully managing MDLs and history of working collaboratively with co-counsel is illustrated by the large number of MDLs and other class cases listed herein and in the attached declarations, in which the CLF Team firms worked successfully with larger groups of plaintiffs' counsel, either while leading or serving in support roles.

Moreover, after the establishment of this MDL, the CLF Team reached out to counsel for the Mawby Group in an effort to create a consensus on leadership. The CLF Team offered an opportunity for all counsel interested in participating in this case a fair opportunity to do so. After the Mawby Group was unwilling to agree on a reasonable leadership structure, the CLF Team collaborated to present its proposed leadership structure based on what would best serve the Plaintiffs and putative classes.[10] Many of the lawyers who nationally handle consumer litigation on behalf of plaintiffs have formed healthy and productive working relationships with one another.

---

[10] Courts commonly give weight under Rule 23(g)(1)(B) to a proposed leadership structure reached by consensus of plaintiffs. *See, e.g.*, *Deangelis v. Corzine*, 286 F.R.D. 220, 223, 225 (S.D.N.Y. 2012) (giving "significant weight" to leadership structure developed among ten of twelve plaintiffs in consolidated action); *In re Crude Oil Commodity Futures Litig.*, No. 11 Civ. 3600 (WHP), 2012 WL 569195, at *2 (S.D.N.Y. Feb. 14, 2012) (same); *In re Rail Freight Fuel Surcharge Antitrust Litig.*, No. MDL 1869, 2008 WL 1883447, at *3 (D.D.C. Apr. 28, 2008) (same).

The CLF Team proudly submits we are part of that group, and are fully capable of working with, and/or coordinating the work of, any of the lawyers in this case.

Finally, the CLF Team have and will continue to work cordially with defense counsel, Winston & Strawn LLP, in order to secure the best possible outcome for the Class. Prior to the MDL, Carlson Lynch and the Faruqi Firm worked cooperatively with defense counsel to prepare and file a Joint 26(f) Status Report, navigate the MDL procedure, self-organized with respect to several deadline and scheduling changes, and participated in discussions regarding substantive aspects of the case. Of particular note, the Faruqi Firm and Carlson Lynch have litigated at least six other cases against defense counsel in the last few years. The CLF Team looks forward to continuing this cooperation in order to streamline discovery.

**B.      The CLF Team Consists of Highly Effective Leaders**

Attorneys Todd D. Carpenter and Lubna M. Faruqi alone have over 50 years of combined legal experience, the majority of which has been spent managing complex class actions. They further honed their managerial skills at their respective firms, where they are managers of their firm's attorneys. All of those skills transitioned seamlessly to managing complex MDLs, which is evidenced by their firms' numerous leadership appointments by courts around the nation.

One of the specific areas that Attorneys Carpenter and Faruqi have learned to effectively manage is plaintiffs' counsel fees in MDLs like this one. They believe it is incumbent upon co-lead counsel, in the first instance, to oversee and control fees and expenses through active management of both the work that is performed, as well as how that work is billed. To maintain reasonable fees and expenses here, they have agreed to implement two strategies: First, Co-Lead Class Counsel must expressly approve all work *before* it is performed. This avoids duplication of effort. Second, attorneys performing work will be directed to submit their time to Co-Lead Class Counsel periodically for review, to ensure that it was commensurate with the needs of the case and

16

the overall tasks being performed.

### C. The CLF Team Advances Diversity in MDL Leadership

As this Court is undoubtedly aware, leadership positions historically reflect a dearth of women, and particularly women of color. But complex cases are a microcosm of a diverse nation and applying well-researched business principles in this context results in a natural parallel: diversity fosters courtroom success. The Duke Law Center for Judicial Studies recommends that Judges should seek to "to appoint a diverse group, with respect to not only prior experience and skills, but also gender, race, and national original, age, and sexual orientation." *See MDL Best Practices* 46. As the Duke Study and the National Association of Women Judges,[11] among others, advocate, this Court can and should insist upon sufficiently diverse leadership. As described above, particularly with respect to Ms. Faruqi and the Faruqi Firm, the CLF Team achieves this objective and brings diversity to the table along with a proven track record for obtaining significant results.

### D. The CLF Team Was First To File

Lastly, to the extent the Court believes that the Rule 23(g) factors do not weigh heavily in either group's direction, the tie breaking factor is the "first to file" rule. *Michelle v. Arctic Zero, Inc.*, No. 12cv2063-GPC(NLS), 2013 WL 791145, at *2 n.3 (S.D. Cal. Mar. 1, 2013) (holding that the first-filed rule is "a relevant factor when the factors for class counsel do not tilt heavily in either direction and there is a need for an objective tie-breaker."). *See*, *e.g.*, *Richey v. Ells*, No. 12-cv-1831-WJM-MEH, 2013 WL 179234, at *2 (D. Colo. Jan. 17, 2013) ("Ultimately, Plaintiff Richey was the first to file his case and, therefore, the Court appoints his counsel as Lead Counsel for the

---

[11] *See* National Ass'n of Women Judges, *Resolution on Diversity in Trial Court Appointments*, (Oct. 8, 2016), https://www.nawj.org/uploads/files/resolutions/resolution-diversity_in_trial _court_appointments_2016.pdf.

consolidated action.")[12]

Here, the CLF Team filed the first action. As such, to the extent the Court has any doubt that the CLF Team best meets the Rule 23(g) criteria, the Court should find that the CLF Team being first to file weighs in favor of their appointment. This is true especially where, as here, "a simple comparison of the original complaint . . . with the [later-filed complaints] reveals that they are almost identical." *Carlin v. DairyAmerica, Inc.*, No. 1:09cv0430 AWI DLB, 2009 WL 1518058, at *2 (E.D. Cal. May 29, 2009). Here, the complaints filed by the Mawby Group were not only temporally subsequent to the *Ibarra* and *Ashton* cases, they are markedly similar in content. Thus, the first-to-file rule weighs in favor of appointing the CLF Team.

## CONCLUSION

For all the reasons set forth above, the undersigned counsel respectfully request that this Court appoint the CLF Team as interim class counsel.

Dated: May 20, 2021.

Respectfully submitted,

By: */s/Tim Dollar*

Tim Dollar, Missouri Bar No. 33123
**DOLLAR, BURNS, BECKER &**
**HERSHEWE, L.C.**
1100 Main Street, Suite 2600
Kansas City, MO 64105
Tel: (816) 876-2600
Fax: (816) 221-8763
Email: timd@dollar-law.com

---

[12] *See also Biondi v. Scrushy*, 820 A.2d 1148, 1159 (Del. Ch. 2003); *In re Insulin Pricing Litig.*, No. 3:17–cv–0699–BRM–LHG, 2017 WL 4122437, at *3 (D.N.J. Sept. 18, 2017); *Moradi v. Adelson*, No. 11–cv–00490–GMN–RJJ, 2011 WL 5025155, at *3 (D. Nev. Oct. 20, 2011); *Steele*, 2015 WL 4121607, at *4.

Todd D. Carpenter
*pro hac vice*
Scott G. Braden
*pro hac vice*
Katrina Carroll
*pro hac vice*
**CARLSON LYNCH, LLP**
1350 Columbia St., Ste. 603
San Diego, CA 92101
Tel.: 619-762-1900
Fax: 619-756-6991
tcarpenter@carlsonlynch.com
sbraden@carlsonlynch.com
kcarroll@carlsonlynch.com

Lubna M. Faruqi
*pro hac vice*
Tim Peter
*pro hac vice*
Benjamin Heikali
*pro hac vice*
Nina M. Varidani
*pro hac vice*
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
lfaruqi@faruqilaw.com
tpeter@faruqilaw.com
bheikali@faruqilaw.com
nvarindani@faruqilaw.com

Bonner C. Walsh
*pro hac vice*
**WALSH PLLC**
1561 Long Haul Road
Grangeville, ID 83530
Telephone: (541) 359-2827
Facsimile: (866) 503-8206
bonner@walshpllc.com

*Attorneys for Plaintiffs Shelly Ashton, Jay*
*Schoener, Ramon Ibarra, Ellen Moser,*
*Geoff Thomson and Julie Marthaller*

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2021, a true and correct copy of the foregoing was electronically filed. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system.

By: */s/Tim Dollar*
Tim Dollar, Missouri Bar No. 33123