IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| IN RE: FOLGERS COFFEE MARKETING LITIGATION | ) ) | Case No. 21-md-2984-BP<br>This Document Relates to All Actions |

**MOTION OF MAWBY PLAINTIFFS FOR APPOINTMENT OF
CHRISTOPHER S. SHANK AND ELAINE A. RYAN
<u>AS INTERIM CO-LEAD COUNSEL AND SUGGESTIONS IN SUPPORT</u>**

# TABLE OF CONTENTS

Table of Authorities ................................................................................................................. ii

I.  The Court should appoint Christopher S. Shank and Elaine A. Ryan
    as Interim Co-Lead Counsel and Tim Dollar as Liaison Counsel ..........................................1

    A.  The Rule 23(g)(1)(A) factors support the appointment of
        Mr. Shank and Ms. Ryan as Interim Co-Lead Counsel......................................................4

    B.  The Rule 23(g)(1)(B) factors further support the appointment of
        Mr. Shank and Ms. Ryan as Interim Co-Lead Counsel......................................................7

    C.  If the Court determines that Liaison Counsel should be appointed,
        the Mawby Group recommends the appointment of Tim Dollar as Liaison Counsel........9

II. Alternatively, the Court Should Appoint Elaine A. Ryan and Todd D. Carpenter
    as Interim Co-Lead Counsel and Christopher S. Shank as Liaison Counsel ........................10

Conclusion ..................................................................................................................................11

# Table of Authorities

**Cases**

*Delre v. Perry*,
 288 F.R.D. 241 (E.D.N.Y. 2012) ..................................................................................2

*Duqum v. Scottrade, Inc.*,
 No. 4:15-CV-1537-SPM, 2016 WL 1700427 (E.D. Mo. Apr. 28, 2016) ............................. 1-2

*In re Comverse Tech., Inc. Derivative Litig.*,
 No. 06-CV-1849 (NGG)(RER), 2006 WL 3761986 (E.D.N.Y. Sept. 22, 2006).......................7

*In re Fairlife Milk Prod. Mktg. & Sales Practices Litig.*,
 No. 19-CV-3924, 2020 WL 362788 (N.D. Ill. Jan. 22, 2020)................................................. 3-4

*In re Parking Heaters Memorandum Antitrust Litig.*,
 310 F.R.D. 54 (E.D.N.Y. 2015)..............................................................................2, 7

*In re Lenovo Adware Litig.*, No. 15-MD-02624,
 2015 WL 10890657 (N.D. Cal. July 27, 2015)...........................................................6

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
 No. MDL 05-1720(JG)(JO), 2006 WL 2038650 (E.D.N.Y. Feb. 24, 2006) .............................7

*Marion S. Mishkin Law Office v. Lopalo*,
 767 F.3d 144 (2d Cir. 2014)..................................................................................9

**Statutes, Regulations and Rules**

Fed. R. Civ. P. 23(g)(1)................................................................................... 3, 4-7

Mo. Rev. Stat. § 407.010 *et seq.* .......................................................................1

**Additional Authorities**

Bolch Judicial Institute, Duke Law School,
 *Guidelines and Best Practices for Large and Mass-Tort MDLs* (2d ed. Sept. 2018)........ 3, 7-9

Christopher A. Seeger & James A. O'Brien III,
 *Administrative Housekeeping & Ethical Matters in Mass Tort MDLs & Class Actions*,
 13 Sedona Conf. J. 171, 172 (2012)............................................................... 9-10

Hon. Stanwood R. Duval, Jr.,
 *Considerations in Choosing Counsel for Multidistrict Litigation Cases and
 Mass Tort Cases*, 74 La. L. Rev. 391 (Winter 2014) (4th ed. 2004) ..........................8

Manual for Complex Litigation § 10.22 (4th ed. 2004) .............................................................. 7, 9

Manual for Complex Litigation § 10.224 (4th ed. 2004) .............................................................. 2

Plaintiffs Frederick Tan, Marcia Sorin, Sharel Mawby, and A. Kevin Fahey (the "Mawby Plaintiffs") respectfully move for the appointment of Christopher S. Shank (Shank & Heinemann, LLC) and Elaine A. Ryan (Bonnett Fairbourn Friedman & Balint, PC) as **Interim Co-Lead Counsel for Plaintiffs** in this multi-district proceeding. The Mawby Plaintiffs also suggest that the Court appoint Tim Dollar (Burns, Dollar, Becker & Hershewe, L.C.) as **Liaison Counsel for Plaintiffs**, should the Court find that appointment of Liaison Counsel is appropriate and desirable.

Mawby Plaintiffs' proposed lean leadership structure of two very experienced co-lead counsel and one liaison counsel will serve the needs of this case and voice the duplication of effort, inefficiency, and wasted resources that larger structures can entail. While other capable and qualified plaintiffs' counsel are seeking leadership positions, the question for the Court is which attorneys are the best qualified, can best work cooperatively with others to represent the interests of all plaintiffs in all the member cases, and can commit the necessary time and resources to lead the effective and efficient prosecution of the plaintiffs' claims against Defendants The Folger Coffee Company ("Folger"), The J.M. Smucker Company ("Smucker") and Walmart, Inc. ("Walmart") (collectively, "Defendants").

The Mawby Plaintiffs also submit the following alternative proposal for the Court's consideration: **Interim Co-Lead Counsel**: Elaine A. Ryan (Bonnett Fairbourn Friedman & Balint, PC) and Todd D. Carpenter (Carlson Lynch, LLP); **Interim Counsel**: Christopher S. Shank (Shank & Heinemann, LLC).

**I.    The Court should appoint Christopher S. Shank and Elaine A. Ryan as Interim Co-Lead Counsel and Tim Dollar as Liaison Counsel.**

Federal Rule of Civil Procedure 23(g)(3) provides that the Court "may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." *See Duqum v. Scottrade, Inc.*, No. 4:15-CV-1537-SPM, 2016 WL 1700427, at *1

1

(E.D. Mo. Apr. 28, 2016) ("'designation of interim class counsel is encouraged, and indeed is probably essential for efficient case management.'") (quoting *Delre v. Perry*, 288 F.R.D. 241, 247 (E.D.N.Y. 2012)).

Here, the Mawby Plaintiffs submit that Christopher S. Shank (of Shank & Heinemann, LLC in Mission Woods, Kansas) and Elaine A. Ryan (of Bonnet Fairbourn Friedman & Balint, PC in Phoenix, Arizona) are best suited to serve as Co-Lead Counsel for Plaintiffs in this multi-district proceeding. This proceeding involves nine cases in which Plaintiffs allege that Defendants marketed Folgers Coffee canisters with false and/or materially misleading labels stating that the canisters contained sufficient ground coffee to "make[] up to" the specified number of cups, when in fact the canisters did not contain enough coffee to make anywhere near the specified number of cups if the brewing suggestions [instructions] on the canister were followed. Although Plaintiff Ashton filed the first case on May 8, 2020, it was followed shortly thereafter by the filing of the Mawby Plaintiffs' cases on June 4, 2020 (Sorin), October 13, 2020 (Mawby and Tan), and November 10, 2020 (Fahey). After the Mawby Plaintiffs' cases were filed, an additional four cases were filed by the Ashton Plaintiffs[1] between November 30, 2020 and February 2, 2021.

"A court considering the appointment of interim lead class counsel should consider the same factors that a court appointing lead counsel for a certified class must consider, including the candidates' qualifications and competence, their ability to fairly represent diverse interests, and their attorneys' ability 'to command the respect of their colleagues and work cooperatively with opposing counsel and the court.'" *In re Parking Heaters Memorandum Antitrust Litig.*, 310 F.R.D. 54, 57 (E.D.N.Y. 2015) (quoting MANUAL FOR COMPLEX LITIGATION § 10.224 (4th ed. 2004) and

---

[1] Plaintiffs Shelly Ashton, Jay Schoener, Ramon Ibarra, Ellen Moser, Geoff Thomson, and Julie Marthaller are collectively referred to as the Ashton Plaintiffs.

citing Fed. R. Civ. P. 23(g)(1)(C)); *see also In re Fairlife Milk Prod. Mktg. & Sales Practices Litig.*, No. 19-CV-3924, 2020 WL 362788, at *1-2 (N.D. Ill. Jan. 22, 2020) ("'[T]he judge's primary responsibility in the selection process is to ensure that the lawyers appointed to leadership positions are capable and experienced and that they will responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds.'") (quoting Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass-Tort MDLs* at 38 (2d ed. Sept. 2018), available at https://judicialstudies.duke.edu/wp-content/uploads/2018/09/MDL-2nd-Edition-2018-For-Posting.pdf (the "Bolch Guidelines and Best Practices")).

Best Practice 2C(ii) in the Bolch Guidelines and Best Practices provides: "The transferee judge should designate lead counsel who will act for all parties whom they are appointed to represent and are responsible for the overall management of the litigation. The judge should specify at the outset responsibilities assigned to lead counsel, as well as the structure of the entire leadership team and their respective duties." (Bolch Guidelines and Best Practices at 32). Furthermore, the Court should consider the factors set forth in Fed. R. Civ. P. 23(g)(1) in appointing interim lead counsel in this case:

> Where, as here, Plaintiffs' counsel expect to seek class certification, the Court must look to Federal Rule of Civil Procedure 23(g), which states that, in appointing class counsel, the Court
>
> "(A) must consider:
>
> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and

3

> (iv) the resources that counsel will commit to representing the class;
>
> (B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;
>
> (C) may order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs;
>
> (D) may include in the appointing order provisions about the award of attorney's fees or nontaxable costs under Rule 23(h); and
>
> (E) may make further orders in connection with the appointment."

*In re Fairlife Milk Prod. Mktg. & Sales Practices Litig.*, 2020 WL 362788, at *1-2 (quoting Fed. R. Civ. P. 23(g)(1)).

### A. The Rule 23(g)(1)(A) factors support the appointment of Mr. Shank and Ms. Ryan as Interim Co-Lead Counsel.

Christopher Shank and Elaine Ryan easily meet the four factors listed in Rule 23(g)(1)(A). First, both Mr. Shank's firm and Ms. Ryan's firm have done extensive work in identifying and investigating the plaintiffs' claims in this case. The plaintiff in the *Mawby* case (represented by Mr. Shank) is the only plaintiff to have initiated discovery in any of the member cases and has fully briefed Folgers' motion to dismiss Ms. Mawby's petition. The plaintiffs in the *Tan* and *Sorin* cases (represented by Ms. Ryan) have retained an expert to calculate the underfill in Folger coffee canisters and have incorporated the expert's calculations into detailed amended complaints filed in those cases. Further, prior to transfer to this Court, Ms. Ryan was already seeking to eliminate unnecessary duplication of effort and conserve judicial resources by moving to consolidate the *Tan* case with the *Ashton* case, which the United States District Court for the Central District of California (District Judge Jesus G. Bernal) granted under the case number in *Ashton*.

Second, both Mr. Shank and Ms. Ryan have substantial experience in handling class actions, other complex litigation, and the types of claims asserted in the action. Mr. Shank has

4

been a civil litigation attorney in the Kansas City metropolitan area for the past thirty-nine (39) years and has had an active class action practice for the last fifteen (15) years. He has been appointed class counsel in ten cases and has very extensive experience in the United States District Court for the Western District of Missouri, including two years as a law clerk for United States District Judge William R. Collinson of this Court—from 1980 to 1982. Significantly, Mr. Shank was assigned primary responsibility by Judge Collinson during his clerkship for supervising and administering the proceedings in MDL No. 362, *In re: Multi-Piece Rim Products Liability Litigation* (W.D. Mo.), a complex MDL that comprised more than 30 member cases. *See* Declaration of Christopher S. Shank, attached as **Exhibit A**, ¶¶ 3-7.

Similarly, Ms. Ryan has litigated consumer class actions for over thirty (30) years across the country. She is licensed in 10 states, including Missouri, and the majority of her class action practice involves representing consumers harmed by violations of the consumer fraud laws of various states, including Missouri. Ms. Ryan has been appointed class counsel in 15 actions, including appointment as Co-Lead Counsel in three MDL actions: *In re Hydroxycut Marketing and Sales Practices Litig.*, No. 3:09-MD-02087 (S.D. Cal.); *In re: Enfamil LIPIL Marking and Sales Practices Litig.*, No. 0:11-MD-02222 (S.D. Fla.); and *In Re: Horizon Organic Milk Plus DHA Omega-3 Marketing and Sales Practices Litig.*, No. 1:12-MD-02324 (S.D. Fla.). *See* Declaration of Elaine A. Ryan, attached as **Exhibit B** ("Ryan Dec."), ¶¶ 4-8.

Ms. Ryan's experience and performance has been well regarded by various courts, including in the Southern District of California where Judge Bencivengo stated on the record during final approval of a nationwide consumer fraud settlement in which Ms. Ryan had been appointed co-lead class counsel: "I do have to say my overall impression is that this is an extremely well negotiated settlement…. It's one of the class settlements that seems to really give relief to the

members of the class and reflects, I think, the various levels of harm that might have been caused by the product." *Hartless v. Clorox Co.*, No. 06-CV-2705 (S.D. Cal.), at ECF 117. And, more recently, Judge Martin of the Superior Court of Arizona stated on the record during final approval of a settlement in which Ms. Ryan had been appointed co-lead class counsel: "[T]hese types of cases often only get prosecuted by way of a class action, and that requires class action counsel. And for matters as complicated as this one, that requires a very high level of class action counsel. And my assessment of the work performed in this case is that it was all done at a very high level…." *In re Valley Anesthesiology Consultants, Inc. Data Breach Litig.*, No. CV2016-013446 (Ariz. Sup. Ct.). Ryan Dec. (**Ex. B**), ¶ 9; *see generally id.* for additional details regarding Ms. Ryan's qualifications to serve as Co-Lead Counsel.

Third, based on their experience and work in consumer class actions, Mr. Shank and Ms. Ryan (and the other attorneys in their firms) have ample knowledge of the applicable law and are well qualified to lead the plaintiffs' efforts in this case. Mr. Shank's extensive experience in this Court as well as other courts throughout the United States, as well as his extensive experience prosecuting consumer class actions under the Missouri Merchandising Practices Act ("MMPA"), makes him especially well-qualified to serve as co-lead counsel in this matter. *See In re Lenovo Adware Litig.*, No. 15-MD-02624, 2015 WL 10890657, at *2 (N.D. Cal. July 27, 2015) (finding local presence of lead counsel applicants a significant factor in appointing lead counsel). Ms. Ryan also is well-versed in Missouri law, as she has been a licensed Missouri attorney since 2010, has several Missouri clients, and was a member of the trial team in *Nicholas H. Smith, et al. v. American Family Mutual Insurance Co.*, Case No. 00CV211554 (Circuit Court of Jackson County, Mo.), that successfully achieved a $17.4 million jury verdict in a consumer fraud case on behalf of a Missouri class of American Family insureds.

Fourth, Mr. Shank and Ms. Ryan commit to dedicating all the resources necessary to serve as interim lead counsel in the interests of *all plaintiffs* in the member cases, as well as to drawing upon the resources and abilities of the many other experienced consumer protection lawyers in the member cases in this MDL.

### B. The Rule 23(g)(1)(B) factors further support the appointment of Mr. Shank and Ms. Ryan as Interim Co-Lead Counsel.

"Also appropriate for consideration is anything else that is 'pertinent to counsel's ability to fairly and adequately represent the interests of the class,' Fed. R. Civ. P. 23(g)(1)(B), including '(1) the quality of the pleadings; (2) the vigorousness of the prosecution of the lawsuits; and (3) the capabilities of counsel.'" *In re Parking Heaters Memorandum Antitrust Litig.*, 310 F.R.D. at 57 (quoting *In re Comverse Tech., Inc. Derivative Litig.*, No. 06-CV-1849 (NGG)(RER), 2006 WL 3761986, at *2 (E.D.N.Y. Sept. 22, 2006)). "Ultimately, the court's task in deciding these motions is 'to protect the interests of the plaintiffs, not their lawyers.'" *Id.* (quoting *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. MDL 05-1720(JG)(JO), 2006 WL 2038650, at *4 (E.D.N.Y. Feb. 24, 2006)). Best Practice 3C of the Bolch Guidelines and Best Practices explains that: "[t]he judge's primary responsibility in the selection process is to ensure that the lawyers appointed to leadership positions are capable and experienced and that they will responsibly and fairly represent *all plaintiffs*, keeping in mind the benefits of diversity of experience, skills, and backgrounds." Bolch Guidelines and Best Practices at 38 (emphasis added) (citing MANUAL ON COMPLEX LITIGATION § 10.22 (4th ed. 2004)).

Both Mr. Shank and Ms. Ryan have filed pleadings of high quality in their respective cases, have vigorously prosecuted those cases, and are extremely capable counsel. They are committed to a leadership approach that is inclusive of all perspectives and will apportion work equitably among the various plaintiffs' lawyers in the case with the twin goals of capitalizing on their

7

respective expertise and eliminating unnecessary duplicative effort, while maintaining responsibility for the quality of all documents filed with the Court or served on Defendants. The principal objective of this approach is to benefit all of the plaintiffs in the various member cases, not to benefit the counsel appointed to leadership positions. *See also* Bolch Guidelines and Best Practices at 52, Best Practice 6B ("Lead counsel has a duty to perform functions affecting all plaintiffs in an MDL in a fair, honest, competent, reasonable, and responsible way."); Hon. Stanwood R. Duval, Jr., *Considerations in Choosing Counsel for Multidistrict Litigation Cases and Mass Tort Cases*, 74 La. L. Rev. 391, 392 (Winter 2014) ("The primary factor in choosing lead counsel, liaison counsel, or even membership on a steering committee is whether the attorney is a team player."). Contrary to the CLF Team's claim that "the Mawby Group was unwilling to agree on a reasonable leadership structure" (Doc. 44, at 15), in truth, the Mawby Plaintiffs' only objection was to participating in a leadership structure that was not inclusive of the interests of **all** plaintiffs, including Plaintiffs Sorin and Tan, which was not a proposal the CLF Team offered. *See* Declaration of Christopher S. Shank, attached as **Exhibit A**, ¶¶ 8-9. This is further reflective of Mr. Shank's and Ms. Ryan's desire to work cooperatively among all plaintiffs' counsel.

The Mawby Plaintiffs are mindful that a coalition should not minimize input from or assignments to other attorneys and should not "wield power in a way that is not most favorable to the plaintiffs as a whole or to other plaintiffs' lawyers." Bolch Guidelines and Best Practices at 43-44 (commentary on Best Practice 4C(iii)). Best practices call for flexibility to "bring valuable skills, resources, or perspectives to the litigation." *Id.* at 45-46 (commentary on Best Practice 4E). The Mawby Plaintiffs recognize that other able attorneys are applying for leadership positions and that this litigation involves plaintiff groups that may have differing perspectives. For that reason, the Mawby Plaintiffs endorse the recommendation and practice of "encourag[ing] the leadership

team to provide work for the common benefit of the cases to other attorneys who are qualified and available to perform the work, unless doing so would create inefficiencies in the prosecution of the claims." *Id.* at 48 (Best Practice 4H). The Mawby Plaintiffs—and Mr. Shank and Ms. Ryan in particular—take seriously their obligation "to act fairly, efficiently, and economically in the interests of all parties and parties' counsel." MANUAL ON COMPLEX LITIGATION § 10.22.

      **C.    If the Court determines that Liaison Counsel should be appointed, the Mawby Group recommends the appointment of Tim Dollar as Liaison Counsel.**

In addition to appointing Interim Lead Counsel, the Court may find it appropriate to designate an attorney as liaison counsel:

> BEST PRACTICE 2C(iv): The transferee judge should consider the appointment of liaison counsel to serve an administrative role. If the court appoints a liaison, it should specifically define the roles and duties of the liaison at the outset — including responsibility for communications between the court and other counsel, maintaining records of all orders, filings and discovery, and ensuring that all counsel are apprised of developments in the litigation. An important aspect of the liaison's role is coordinating with and supporting the clerk of court.
>
> Liaison counsel often has offices in the same location as the court, though that is not necessarily a requirement. Appointing as liaison counsel an attorney who has practiced before the transferee judge can be helpful, since the attorney will already be familiar with the local rules, the judge's practices and preferences, and other court-specific procedures. It is rarely necessary to appoint more than one individual to serve as liaison counsel, and it may be possible to appoint a liaison that is recommended by plaintiffs' counsel. If there are numerous defendants, it may be appropriate to appoint a liaison counsel to coordinate and speak for defendants as well.

Bolch Guidelines and Best Practices at 32.[2]

---

[2] *See also Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 148 (2d Cir. 2014) ("when a district court appoints liaison counsel, that appointment flows from the district court's inherent authority to manage its own docket"); Christopher A. Seeger & James A. O'Brien III, *Administrative Housekeeping & Ethical Matters in Mass Tort MDLs & Class Actions*, 13 Sedona Conf. J. 171, 172 (2012) ("Whether both lead and liaison counsel are appointed will depend upon complexity and amount of interests at stake. Typically a local lawyer or firm will be appointed as

The Ashton Plaintiffs and the Smith Plaintiff have proposed that Tim Dollar of Dollar, Burns, Becker & Hershewe, PC, be appointed Liaison Counsel. The Mawby Plaintiffs concur in this suggestion. Mr. Dollar is an experienced trial lawyer who is well qualified to serve in this position. The Mawby Plaintiffs recognize that Mr. Dollar has been retained by and is aligned with the Ashton Plaintiffs, but the Mawby Plaintiffs believe that this case should not be controlled by a single faction of plaintiffs' counsel. Accordingly, the Mawby Plaintiffs desire to work with Mr. Dollar should the Court find that liaison counsel should be appointed.

Because this MDL proceeding consists of only 9 member cases all raising the same relatively straightforward predominating common issue of whether Defendants' specified number of coffee servings label representations are false, deceptive or misleading, the Mawby Plaintiffs do not believe that an Executive Committee is necessary. If the Court disagrees and declines to appoint Mr. Shank and Ms. Ryan as Co-Lead Counsel, the Mawby Plaintiffs request that Mr. Shank and Ms. Ryan be appointed to the Executive Committee so that the Mawby Plaintiffs will have representation and a voice in the leadership in this case.

II. **Alternatively, the Court Should Appoint Elaine A. Ryan and Todd D. Carpenter as Interim Co-Lead Counsel and Christopher S. Shank as Liaison Counsel.**

Should the Court desire to apportion leadership among the groups, the Mawby Plaintiffs alternatively propose Elaine Ryan and Todd Carpenter as Interim Co-Lead Counsel and Christopher S. Shank as Liaison Counsel. As demonstrated above, Ms. Ryan is qualified with the demonstrated ability to co-lead these proceedings. Mr. Carpenter is counsel to the Ashton Plaintiffs and was the first to file. The Mawby Plaintiffs submit that Mr. Carpenter has more recent hands-

---

liaison counsel. A liaison counsel plays an important role in coordinating matters in product liability MDLs that concern numerous parties. They handle administrative matters, including communications between counsel and the court and apprising parties of developments.").

10

on experience litigating consumer fraud based class actions – and false advertising cases, in particular – than Lubna Faruqi (whose current role is generally limited to supervision of other counsel). *See* Declaration of Lubna M. Faruqi (Doc. 43-1), ¶¶ 5-6.

## Conclusion

For the foregoing reasons, Plaintiffs Frederick Tan, Marcia Sorin, Sharel Mawby, and A. Kevin Fahey submit that Christopher S. Shank and Elaine A. Ryan should be appointed as Interim Co-Lead Counsel for Plaintiffs in this multi-district proceeding, and that if the Court determines that Liaison Counsel for Plaintiffs is appropriate in this case, the Court should appoint Tim E. Dollar as Liaison Counsel. Mr. Shank and Ms. Ryan also submit the following alternative proposal for the Court's consideration: **Interim Co-Lead Counsel**: Elaine A. Ryan (Bonnett Fairbourn Friedman & Balint, PC) and Todd D. Carpenter (Carlson Lynch, LLP) and **Liaison Counsel**: Christopher S. Shank (Shank & Heinemann, LLC).

Respectfully submitted,

SHANK & HEINEMANN, LLC

By: */s/ Christopher S. Shank*
    Christopher S. Shank    MO #28760
    David L. Heinemann    MO #37622
    1968 Shawnee Mission Pkwy, Suite 100
    Mission Woods, Kansas 66205
    Telephone: 816.471.0909
    Facsimile: 816.471.3888
    chris@shanklawfirm.com
    david@shanklawfirm.com

*Attorneys for Plaintiff Sharel Mawby*

Elaine A. Ryan (admitted *pro hac vice*)
Carrie A. Laliberte (admitted *pro hac vice*)
**BONNETT FAIRBOURN FRIEDMAN & BALINT, PC**
2325 E. Camelback Rd., Suite 300
Phoenix, AZ 85016
Tel.: 602-274-1100
eryan@bffb.com
claliberte@bffb.com

Patricia N. Syverson (admitted *pro hac vice*)
**BONNETT FAIRBOURN FRIEDMAN & BALINT, PC**
600 West Broadway, Suite 900
San Diego, CA 92101
Tel.: 619-798-4593
psyverson@bffb.com

Beth A. Keller
**LAW OFFICES OF BETH A. KELLER, P.C.**
118 North Bedford Road, Suite 100
Mount Kisco, NY 10549
Tel.: 914-752-3040
bkeller@keller-lawfirm.com

Emily C. Komlossy
**KOMLOSSY LAW P.A.**
4700 Sheridan Street, Suite J
Hollywood, FL 33021
Tel.: 954-842-2021
eck@komlossylaw.com

Laurence D. Paskowitz
**PASKOWITZ LAW FIRM, P.C.**
67-87 Booth St., Suite 2C
Forest Hills, NY 11375
Tel.: 212-685-0969
lpaskowitz@pasklaw.com

*Attorneys for Plaintiffs Marcia Sorin and Frederick Tan*

12

David N. Lake
**LAW OFFICES OF DAVID N. LAKE, APC**
16130 Ventura Boulevard, Suite 650
Encino, CA 91436
Tel.: 818-788-5100
david@lakelawpc.com

*Attorneys for Plaintiff Frederick Tan*

Roy L. Jacobs
**ROY JACOBS & ASSOCIATES**
420 Lexington Avenue, Suite 2440
New York, NY 10170
Tel.: 212-867-1156
rjacobs@jacobsclasslaw.com

*Attorneys for Plaintiff Marcia Sorin.*

Thomas C. Willcox
**LAW OFFICES OF THOMAS C. WILLCOX**
1701 16th Street NW, Suite 211
Washington, DC 20009
Tel: 202-338-0818
thomaswillcox@willcoxlaw.com.co

*Attorneys for Plaintiff A. Kevin Fahey*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the foregoing document was filed this 21st day of May, 2021, via the Court's CM/ECF system, which shall send electronic notice of the same to the following counsel of record:

**Counsel for Plaintiffs Shelly Ashton, Jay Schoener, Ramon Ibarra, and Ellen Moser:**

| | |
|---|---|
| Tim E. Dollar<br>**DOLLAR, BURNS, BECKER & HERSHEWE, L.C.**<br>1100 Main Street, Suite 2600<br>Kansas City, MO 64105<br>timd@dollar-law.com | Todd D. Carpenter<br>Scott G. Braden<br>Katrina Carroll<br>**CARLSON LYNCH, LLP**<br>1350 Columbia St., Ste. 603<br>San Diego, CA 92101<br>tcarpenter@carlsonlynch.com<br>sbraden@carlsonlynch.com<br>kcarroll@carlsonlynch.com |

13

| | |
|---|---|
| Lubna Faruqi<br>Nina M. Varindani<br>**FARUQI & FARUQI, LLP**<br>685 Third Ave., 26th Floor<br>New York, NY 10017<br>lfaruqi@faruqilaw.com<br>nvarindani@faruqilaw.com | Benjamin Heikali<br>Joshua Nassir<br>**FARUQI & FARUQI, LLP**<br>10866 Wilshire Boulevard, Suite 1470<br>Los Angeles, CA 90024<br>bheikali@faruqilaw.com<br>jnassir@faruqilaw.com |
| Timothy J. Peter<br>**FARUQI & FARUQI, LLP**<br>16171 John F. Kennedy Boulevard, Suite 1550<br>Philadelphia, PA 19103<br>tpeter@faruqilaw.com | Aubry Wand<br>**THE WAND LAW FIRM, P.C.**<br>400 Corporate Pointe, Suite 300<br>Culver City, CA 90230<br>awand@wandlawfirm.com |

<u>**Counsel for Plaintiffs Geoff Thomson and Julie Marthaller:**</u>

Bonner C. Walsh
**WALSH PLLC**
1561 Long Haul Road
Grangeville, ID 83530
bonner@walshpllc.com

<u>**Counsel for Plaintiff Rodger Smith:**</u>

| | |
|---|---|
| Joel L. Oster<br>**LAW OFFICES OF HOWARD RUBINSTEIN**<br>22052 W. 66th Street, #192<br>Shawnee, KS 66226<br>joel@joelosterlaw.com | Lydia S. Zbrzeznj<br>Nicholas T. Zbrzeznj<br>**SOUTHERN ATLANTIC LAW GROUP, PLLC**<br>99 6th Street SW<br>Winter Haven, FL 33880<br>lydia@southernatlanticlaw.com<br>nick@southernatlanticlaw.com |

<u>**Counsel for Defendants The Folger Coffee Company,<br>The J.M. Smucker Co., and Walmart Inc.:**</u>

| | |
|---|---|
| Andrew D. Ryan<br>**SANDBERG, PHOENIX & VON GONTARD, P.C.**<br>600 Washington Avenue, 15th Floor<br>St. Louis, MO 63101-1313<br>aryan@sandbergphoenix.com | Ronald Y. Rothstein<br>Sean H. Suber<br>Nathan R. Gilbert<br>**WINSTON & STRAWN LLP**<br>35 West Wacker Drive<br>Chicago, IL 60601<br>rrothstein@winston.com<br>ssuber@winston.com<br>nrgilbert@winston.com |

14

Case 4:21-md-02984-BP   Document 45   Filed 05/21/21   Page 18 of 19

Janelle A. Li-A-Ping
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
jliaping@winston.com

Jay B. Gould
Amanda Jereige
**WINSTON & STRAWN LLP**
101 California Street, 35th Floor
San Francisco, CA 94111-5480
jgould@winston.com
ajereige@winston.com

Cristina I. Calvar
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
ccalvar@winston.com

Rex A. Mann
**WINSTON & STRAWN LLP**
2501 North Harwood Street, 17th Floor
Dallas, TX 75201
rmann@winston.com

    */s/ Christopher S. Shank*
    Attorney for Plaintiff Sharel Mawby